State, Hoxsey, pros., v. City of Paterson.

STATE, THOMAS D. HOXSEY ET AL., PROSECUTORS, PLAIN-
TIFFS IN ERROR, v. THE MAYOR AND ALDERMEN OF
THE CITY OF PATERSON, DEFENDANTS IN ERROR.

1. The corporate authorities of the city of Paterson have the power,
   under the provisions of the charter, to employ associate counsel in
   defending suits against the corporation, or in which the city is
   interested; the board of aldermen are sole judges of the necessity of
   such employment in any particular case, and the exercise of that dis-
   cretion is not a question for review in a court of law.
2. The power to employ associate counsel does not involve the right, on
   the part of the city authorities, under the guise of such employment,
   to withdraw and take out of the hands of the city counsel any particu-
   lar case or class of cases, and to confide their management to others.

On error to the Supreme Court. For former proceedings
in this case, see 10 *Vroom* 72, 489.

For the plaintiffs in error, *Thomas D. Hoxsey.*

For the defendants in error, *A. B. Woodruff.*

The opinion of the court was delivered by

GREEN, J.   The material facts of this case are fully stated
in the opinion of this court delivered on the former hearing
of the cause, and reported in 10 *Vroom* 489. That opinion
establishes the following propositions: that the writ of *cer-
tiorari* was properly allowed; that the judgment of the
Supreme Court dismissing the writ was erroneous and should
be reversed; and that this court has the power to render a
final judgment upon the merits of the case, and should pro-
ceed to affirm or reverse the corporate proceedings brought
up by the writ of *certiorari.*

The proceedings certified to the Supreme Court by the
writ, were the employment of Absalom B. Woodruff, as
associate counsel for the city of Paterson, by the committee
on finance of that city; the proceedings confirming such

employment; Mr. Woodruff's bills for professional services rendered under the same, and the proceedings of the committee on finance and board of aldermen looking or relating to the payment of said bills. The controversy sought to be raised in the cause, as stated in the previous opinion, is over the legal right of the corporation, under the provisions of the city charter, to employ and pay, for legal services such as are charged in the bill before the court, any person other than he who, for the time, holds the office of city counsel.

The general question as to the power of a municipal corporation having a law officer charged by statute with the care of the legal business of the corporation, to employ another person to perform any part of his official duties, has been much discussed in the courts of our sister states. The decisions upon the subject are numerous and conflicting, and as each case in some degree depends on the construction of the statutes creating and regulating the municipality, any attempt to review and reconcile them would be both tedious and unsatisfactory, and could afford little aid in the solution of the question before the court.

The charter of the city of Paterson (*Pamph. L.*, 1871, §§ 12–15,) provides that the board of aldermen shall annually appoint certain officers, among whom are a city treasurer, city surveyor and city counsel, who shall be a counselor-at-law; that said officers shall hold their several offices for one year, unless sooner removed; that all officers of the corporation shall be governed by such general ordinances as the board of aldermen may from time to time adopt, not inconsistent with the provisions of the charter; that every officer, except the mayor, may be removed from office for cause by a two-third vote of all the members of the board of aldermen; and that the salaries of all officers shall be prescribed by ordinance, and shall not be increased or diminished during the term of office. The ordinances of the city prescribe that it shall be the duty of the city counsel, among other things, to defend all actions which may be brought against the city in its cor-

porate name, or in which the city is interested, in any court of this state.

The provisions of the various city charters of this state, in relation to the law officer of the corporation, are very variant. Some create the office, prescribe the duties and fix the compensation of the officer; others, as in this charter, direct that the duties and compensation shall be prescribed by the city ordinances. In either case, the officer legally appointed has the right to exercise the employment and to take the fees and emoluments of the office; and at the same time there rests, upon him the reciprocal obligation to perform all the duties of the office for the compensation attached to it. In *Evans* v. *City of Trenton,* 4 *Zab.* 765, the court say: "It is a well-settled rule that a person accepting a public office with a fixed salary, is bound to perform the duties for the salary. He cannot legally claim additional compensation for the discharge of those duties, even though the salary may be a very inadequate remuneration for the services." The rule is an important one, and should be rigidly enforced.

Under the charter and ordinances of the city of Paterson, the city counsel has the right to defend all suits against the city; he is under a legal obligation to perform this duty, and is bound to discharge it for the salary annexed to the office. But in the absence of any prohibitory words in the charter, I am not prepared to say that the corporation may not in any case employ associate counsel to assist the regular law officer of the city in defending the rights and protecting the interests of the corporation. Under our system of municipal governments, vast public interests, involving, in many cases, the health, convenience, safety and property of the citizens, are confided almost exclusively to the management of the city authorities. There are many circumstances under which the interests of the city might be greatly prejudiced, unless the corporation could employ associate counsel to assist in protecting and defending them. No more important questions are brought before our courts for adjudication than those involving the rights, duties and obligations of municipal

governments, and the supervision of corporate proceedings affecting the rights of the individual citizen. There is no valid reason why, in important causes, a corporation representing the citizens at large should not, as well as an individual, have the power to employ additional counsel when the exigencies of the case demand it. I am therefore of opinion that the corporate authorities of the city of Paterson have the power, under the provisions of the charter, to employ associate counsel in defending suits brought against the corporation, or in which the city is interested; that the board of aldermen are the judges of the necessity of such employment in any particular case, and that the exercise of that discretion is not a question for review in a court of law.

But the power of the corporation to employ associate counsel does not involve the right, on the part of the city authorities, under the guise of such employment, to withdraw and take out of the hands of the city counsel any particular case or class of cases and to confide their management to others. This brings up for consideration the question as to the legal right of the corporation to employ and pay associate counsel for legal services such as are charged in the bill before the court, and involves an inquiry as to the nature of the employment, the character of the services rendered under it, and the circumstances attending their performance.

It appears by the return to the writ that the finance committee reported to the board of aldermen "that in view of the numerous suits pending against the city, they had resolved upon a vigorous defence, and had, therefore, retained A. B. Woodruff, Esq., as associate counsel;" which action of the committee was approved by the board. Under that resolution, Mr. Woodruff was employed to defend a number of *certioraris* brought to review assessments for street improvements. The entire management of these suits, from their commencement until their final decision, covering a period of fifteen months, and extending over parts of the official terms of two different city counsel, was confided by the finance committee to the associate counsel, or assumed by him

under the employment. The bills before the court apparently include everything done in the progress of the suits, not only charges for the appropriate services of associate counsel, but also for preparing and taking testimony and attending to incidental matters connected with the details of the defence usually entrusted to the attorney or junior counsel in the cause. Neither of the city counsel holding office during this time, took any part in defending the suits; they both testify that Mr. Woodruff was employed to take charge of these *certioraris;* that they were not consulted, and did not interfere, either in taking the testimony or in the management of the cases. The city counsel were in fact superseded, and considered themselves as having no official connection with the cases, and as relieved from all responsibility in relation to them. All this was done without any request from them for professional aid or assistance, and without any pretence of incompetency or neglect of duty on their part. Upon no legal principle can this action of the city authorities be justified. If the board of aldermen, or any committee of the board, can withdraw part of the law business of the corporation from the control of the city counsel, they can, in like manner, dispose of the whole; and if they possess this power in relation to the duties of the city counsel, they have the same power in relation to the duties of every city officer. Neither the consent of the officer nor his incompetency or neglect of duty, could form any valid excuse for the action of the city authorities; while holding the office he cannot voluntarily relieve himself of the obligation to perform all its duties; and for incompetency or unfaithfulness, the only remedy is the amotion of the officer pursuant to the provisions of the charter. This view of the case is fully sustained by the reasoning of the court in *Ramson* v. *Mayor, &c., of New York,* 24 *Barb.* 226.

Admitting that the employment may have been entered into in good faith, and that it is a hardship that the counsel should not be paid for services actually rendered, we are constrained to hold that the corporate authorities of the city of

Paterson had no right to employ and pay any other person than the city counsel for the performance of a large part of the legal services charged in the bill now before the court.

There is no legal objection to the original resolution authorizing the employment of associate counsel. The bill of $1000 for retaining fees having been paid before the issuing of the writ, is not now open for discussion. The bill for subsequent services and disbursements having been presented and acted upon as an entirety, no distinction can be made by this court in relation to the separate charges contained in it.

In conformity, therefore, with the former opinion of this court, and the views here expressed, the judgment of the Supreme Court is reversed, and a judgment must be entered reversing and setting aside the action of the finance committee, approving the bill of $3723.60, and also all the proceedings of said committee, and of the board of aldermen looking to the payment of said last-mentioned bill.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, REED, SCUDDER, WOODHULL, DODD, GREEN, LILLY, WALES.　9.