THE STATE, *ex rel.* REDFIELD, v. CHATBURN.

1. **Officer:** HOLDING BY APPOINTMENT NOT REMOVABLE AT PLEASURE. Under section 6, article 11, of the constitution of Iowa, "all persons appointed to fill vacancies in office shall hold until the next general election, and until their successors are elected and qualified." It is accordingly *held* that a board of supervisors has no power to remove from office, at their pleasure, one whom they have appointed to fill a vacancy occurring in the office of sheriff of their county.

*Appeal from Shelby District Court.*

FRIDAY, JUNE 6.

THIS action was brought under the provisions of chapter 6, title 20, of the Code, to test the right of defendant to hold and exercise the office of sheriff of Shelby county.

It is alleged in the petition that Redfield, the relator, was, on the twenty-sixth of December, 1882, duly and legally appointed sheriff of said county, to fill the vacancy in said office occasioned by the death of H. W. Patterson, who, at the time of his death, was the legally elected and qualified sheriff of said county, and that on the sixth day of June, 1883, the defendant unlawfully entered into and usurped said office, and continues, without any legal warrant, to exercise the same, by serving and executing the writs, processes and orders of the courts of said county, and by receiving the profits and emoluments of said office. And the prayer is that he be required to show by what warrant or authority he assumes to hold said office, and that he be ousted and excluded therefrom.

The answer of the defendant admits that a vacancy occurred in said office by the death of said Patterson, and that the board of supervisors of the county, at the time named in the petition, appointed said Redfield to the office, and that he duly qualified. But it avers that the board of supervisors, on the sixth day of June, 1883, as they had the legal right

to do, removed said Redfield from said office, and .appointed defendant thereto; that he has duly qualified, and that he entered upon and continues to discharge the duties of said office by virtue of such appointment.

A transcript of the order of the board of supervisors, under which defendant claims to hold the office, is attached to the answer as an exhibit, and it is as follows:·

" On motion the action of the board in the appointment of C. C. Redfield as sheriff, to fill vacancy, at a special meeting on December 26, 1882, shall be, and the same is hereby, revoked, to take effect upon return of notice served upon him, and that T. W. Chatburn is hereby appointed to fill vacancy caused by this action, to take effect at once, on presentation of bond and approval of the same."

And it is shown by a further exhibit that a notice of this action was served on the relator on the same day on which the action was had. A demurrer to this answer was sustained, and, the defendant electing to stand thereon, final judgment was entered establishing the right of the relator to the office. Defendant appeals.

*J. E. Weaver* and *Platt Wicks*, for appellant.

*Beard & Myerly*, for appellee.

REED, J.—The board of supervisors adopted the order for the removal of the relator from the office, without any formal charge or complaint having been preferred against him. It does not appear that he had any notice of the proceeding until after the order was adopted, nor does it appear upon what ground or for what cause the board assumed to remove him. We will assume, then, that the board proceeded on the theory that they had the power and right to remove him from the office at their pleasure. Indeed, the claim here urged in support of their action is that, having appointed him to the office, the power to remove him therefrom at their pleasure is conferred upon the board by section 787 of the

Code. The section is as follows: "A person appointed as herein contemplated may be removed by the officer appointing. And no person can be appointed who has been removed from office within one year."

It occurs in the chapter of the Code which relates to vacancies in civil offices, and to the manner in which such vacancies are to be filled. It is provided in the preceding sections of the chapter, that an office becomes vacant on the happening of either one of a number of enumerated events, before the expiration of the term of such office, and that vacancies in any of the county offices are to be filled by the board of supervisors. Whatever powers, then, are conferred by the section with reference to the removal from office of a person who has been appointed to fill a vacancy in the office of sheriff, are to be exercised by the board of supervisors.

The single question presented by the record is, whether the board had the power to remove the relator from the office in the manner in which they attempted to remove him; and we have to say that in our opinion they possessed no such power.

The tenure of office of persons appointed to fill vacancies in office is prescribed and defined by section 6 of article 11 of the constitution of the state. This section is as follows: "In all cases of election to fill vacancies in office occurring before the expiration of a full term, the person so elected shall hold for the residue of the unexpired term, and all persons appointed to fill vacancies in office shall hold until the next general election, and until their successors are elected and qualified."

It seems to us that there can be no doubt or dispute as to the meaning and effect of this language. The section explicitly defines and prescribes the term of office of a person who is appointed to fill a vacancy in an office.

When the relator was appointed to fill the vacancy occasioned by the death of Patterson, the term of office which he took by virtue of such appointment extended to the time

of the general election in the year 1883, and until the election and qualification of his successor. The board had no power to appoint for a term either longer or shorter than that. Their only power in the premises was to fill the vacancy. Section 783. But, when the appointment was made, the term of office of the appointee was prescribed by this section of the constitution, and he acquired the right to hold and exercise the office and enjoy its emoluments during the whole of such term. The language of the section, that he "shall hold until the next general election," excludes the idea that his term of office can be made to depend on the will or pleasure of those who appointed him to it. It imports rather that he holds the office by a certain title, and for a definite term.

It is not doubted that he accepted the office subject to the right of the state to have him removed for any of the causes which by law are made grounds for the removal from office of a public officer. But these causes for removal are all defined by statute. Section 746. As it is not claimed that the removal was made for any of the causes enumerated in said section, we need not enquire whether the board of supervisors have the power to remove him for those causes. We are well satisfied that they had no power to remove him at their mere pleasure; and, as this is the only ground on which they assumed to make the order of removal, it is void. The judgment of the district court is, therefore,

AFFIRMED.