The State ex rel. v. The Police Commissioners, St. Louis.

keep a dramshop, there is nothing in the facts of this case as disclosed by the record which requires or demands a construction of the law. Nor is there anything in said facts necessitating a construction of any other law concerning the revenue. The fact as to whether there was or not any officer or tribunal in the city of St. Louis authorized to grant dramshop license could not justify defendant in keeping a dramshop in violation of the law of the state. The writ will be dismissed because we have no jurisdiction to hear the cause. All concur.

THE STATE *ex rel.* CAMPBELL v. THE BOARD OF POLICE COMMISSIONERS OF ST. LOUIS, *Appellants.*

1. **Power of Police Commissioners.** The power of the police commissioners to appoint a chief of police "for such time as the board may determine," does not include the power to discharge and appoint a chief of police at their pleasure.

2. ——. An appointment of a chief of police without specifying the duration of the term is not void, and the commissioners cannot remove such an appointee at their pleasure.

3. ——. A chief of police cannot be removed by the commissioners before the expiration of his term of office, except for specified causes.

4. **Chief of Police** : TERM OF OFFICE. The statutory limitation of the term of office of a chief of police is four years where the term of his tenure is not otherwise fixed by the order of his appointment.

5. —— : PRESUMPTIONS : CERTIORARI. In proceedings by *certiorari,* it will not be presumed from a record which shows merely the removal of an officer that such removal was for cause shown.

6. **Practice.** In such a proceeding such a record will be quashed.*

*Appeal from St. Louis Court of Appeals.*

* These syllabi are taken from 14 Mo. App. 297.

AFFIRMED.

*Leverett Bell* and *C. H. Krum* for appellants.

*C. F. Joy* and *J. G. Chandler* for respondent.

HENRY, C. J.—We are satisfied with the conclusion reached by the court of appeals, viz., that the board could not remove Campbell, the chief of police, except for cause. The statute requires the board, when it appoints a chief, to fix the term for which he shall hold the office, and provides that he can only be removed for cause; and the board cannot evade the latter provision, either by neglecting or purposely omitting, to determine the period for which he shall hold the office. To concede to the board such authority would enable them to designate a term of office not warranted by the law, by appointing a chief to hold during their pleasure, and thus thwart the clearly expressed intent of the general assembly, that the chief should not be capriciously removed. It would sanction the acquisition by the board of authority, by their own disregard of the express injunction of the law, to remove the chief for political, or other reasons, in no way touching his capacity, or integrity.

The reasoning of the court of appeals (14 Mo. App. 297) on the question, I think unanswerable, and its conclusions are fully supported by the authorities cited in its opinion. The judgment is affirmed. All concur.