## MARY E. LEASE v. J. W. FREEBORN.

CHARITABLE INSTITUTIONS — *Board of Trustees — Power of Governor to Remove Member.* The governor has no power, without notice and a hearing, to remove arbitrarily or capriciously a member of the board of trustees of the charitable institutions of the state, after confirmation by the state senate, as the tenure of office of such trustees is declared by law to be three years. (Const., art. 15, § 2; Laws of 1876, ch. 130, § 2.)

*Original Proceeding in Quo Warranto.*

ACTION by *Mary E. Lease* against *J. W. Freeborn*, to try defendant's title to membership of the state board of charities. Heard on demurrer to petition.   The facts are sufficiently stated in the opinion herein, filed February 8, 1894.

*Eugene Hagan,* for plaintiff:

A trustee of the charitable institutions of this state is a constitutional officer, with the term of office prescribed by law, for the full period of three years. The governor of the state of Kansas is required to make this appointment, and it must be confirmed by the senate. After that is done, has the governor power to remove any incumbent? If he can make such a removal, it is not by any authority conferred upon him by the constitution or by the laws of the state, but by an implied power to do so. Does this exist? Section 2 of article 15 of the constitution sets at rest this inquiry, as implied power under this provision extends only to offices the tenure of which is not fixed by law.

This question upon the subject of judicial determination exists in many of our states, and in many forms. It has been uniformly held, wherever that question has reached the court of last resort in many of the states, that the authority to appoint has only an implied power to remove where the term of the office is not fixed by law, and where it is so fixed or declared, the power to remove does not exist.

See *The People v. Jewett,* 6 Cal. 291; *The People v. Hill,* 7 id. 97; *Dubuc v. Voss,* 19 La. 210; *Collins v. Tracy,* 36 Tex. 546; *The State, ex rel., v. Chatburn,* 63 Iowa, 659; *Hallgren v. Campbell,* 82 Mich. 255.

Whatever limitations are imposed by the grant of authority to appoint must be construed strictly.

"Where the tenure of office is fixed by law, or where the concurrence or consent of a different body or office is required to the removal, or where the right to removal can be exercised only for specific cause or for cause generally, the appointing power cannot arbitrarily remove the officer; and where the removal is to be had for cause, the power cannot be exercised until the officer has been duly notified, and opportunity given him to be heard in his own defense." 19 Am. & Eng. Encyc. of Law, pp. 562*f,* 562*g.*

This court was called upon to define the scope and meaning

of the tenure-of-office clause in our constitution, and to determine fully the power of removal by the authority making the appointment, in the case of *The State, ex rel., v. Mitchell*, 50 Kas. 289. That case is conclusive of the one at bar.

The term of office of a trustee of the charitable institutions of Kansas having been fixed by law for three years, without any provision granting the power of removal to the governor, or anyone else, in any way or for any cause, a removal cannot be made. It follows, then, that the order of the governor removing the plaintiff in this case is absolutely without any legal force or effect, and any appointment of a successor made in pursuance of that removal is equally as invalid.

Has this court jurisdiction? Article 3, § 3, of our constitution, provides that "The supreme court shall have original jurisdiction in proceedings in *quo warranto, mandamus*, and *habeas corpus.*" Our legislature has abolished the ancient writ of *quo warranto*, and has made the same a civil action. In the enumeration of cases that may be brought in *quo warranto* by our statute, it is provided, "when any person shall usurp, intrude into or unlawfully hold or exercise any public office, or shall claim any franchise within this state, or any office in any corporation created by authority of this state," an action may be instituted against such person. This section of the statute is very broad, and was intended to cover every form of case where a person might secure the possession of an office unlawfully, and exercise the same unlawfully. It is a simple and speedy way to settle the right or title to an office. It is true it has been uniformly held that the action lies within the discretion of the court, and the action would not be permitted where any other plain or adequate remedy exists.

The relief sought is to oust the defendant from an office which, it is claimed, he is illegally holding. In this action both parties can be permitted to have a full and complete hearing of all the rights that can be involved in any other form of action. If any other form of action had been chosen by this plaintiff, the question as to who was entitled to the office might have been settled, but the defendant would still

have remained in possession of the office, and it would have required in the end this proceeding. *Tarbox v. Sughrue,* 36 Kas. 225; *Kneeland v. The State,* 39 id. 154; *The State, ex rel., v. Mitchell,* 50 id. 289.

*John T. Little,* attorney general, and *M. B. Nicholson,* for defendant.

*Per Curiam:* This case has been submitted to us upon the petition and the demurrer thereto. It is insisted that there was no vacancy upon the board of trustees of the charitable institutions of the state in March, 1893, and, therefore, that the allegations in the petition do not show that Mrs. Mary E. Lease was ever a member of the board, or, if she was ever a member, that her time expired on the 1st of April, 1893. This is purely technical, and in no way touches the merits of the case. The petition alleges that in March, 1893, Mrs. Lease was appointed by the governor, confirmed by the senate, and qualified as a member of the board of trustees for the term of three years. In view of the statute and the public records of the senate, the petition may be considered as amended, and as alleging that the term of office of Mrs. Lease commenced on April 1, 1893. (Gen. Stat. of 1889, ¶ 6533.) Of course, her appointment, confirmation and qualification necessarily preceded the commencement of her term of office. The allegations that the attempt to remove or oust her from office was made in December, 1893, clearly show she not only held the office after March, 1893, but also show she was recognized as a member of the board after March, 1893, and is in the line with the allegation that her term of office extended to three years. We think the other allegations in the petition sufficiently allege an unlawful removal and a wrongful ouster, and, therefore, that the general demurrer must be overruled.

The petition states that the governor, without any cause or warrant of law, attempted to remove Mrs. Lease from office, and attempted to prevent her from acting as a member of the board; that the defendant, J. W. Freeborn, has obtained a

commission from the governor for the same office, and has usurped and intruded himself into the office, thereby depriving her of all of her rights thereto, and from receiving the emoluments thereof. The petition concludes, "that the defendant, J. W. Freeborn, has forcibly and illegally dispossessed her of the office, and is now unlawfully and wrongfully holding the same." If the petition alleged that Mrs. Lease had been removed upon charges, after notice and hearing thereon, then it might be assumed, in the absence of other allegations, that her removal was within the provisions of some statute; but the petition does not allege that any charges have been made, or any notice served, or any hearing had. The constitution ordains that the "trustees of the benevolent institutions shall be appointed by the governor by and with the advice and consent of the senate," but does not declare the term or tenure of office of the trustees. Section 2, art. 15, of the constitution, ordains:

"The tenure of any office not herein provided for may be declared by law; when not so declared, such office shall be held during the pleasure of the authority making the appointment."

Section 2, chapter 130, Laws of 1876, declares that the term or tenure of office of the trustees, after 1879, shall be three years. The obvious meaning of § 2 of art. 15 of the constitution is that, in those offices the term or tenure of which is not fixed by law, the incumbent may be removed at the pleasure of the appointing power, but where the term or tenure is declared by law, then the officer shall hold for the full term. (*The People v. Jewett*, 6 Cal. 291; *The People v. Hill*, 7 id. 97; *The People v. Freese*, 76 id. 633; Mech. Pub. Off. 385.)

It is well settled by the authorities, that it is only where no term or tenure is fixed by the constitution or the statute that an officer holds at the pleasure of the appointing power. (*Jacques v. Litle*, 51 Kas. 300; Mech. Pub. Off., §§ 445, 454; 19 Am. & Eng. Encyc. of Law, pp. 562*f*, 562*g*; *The State v. Police Comm'rs*, 88 Mo. 144; *Kibby v. Cold*, 63 Iowa, 659;

Throop, Pub. Off., § 341.) Of course, any trustee may be removed ".for good cause shown," but this fact becomes a condition precedent, and the cause or 'causes enumerated must be alleged, and the party notified and the causes examined. (*The State v. St. Louis*, 90 Mo. 19; *Page v. Hardin*, 8 B. Mon. 648, 672; 1 Dill. Mun. Corp., 4th ed., 240–256.) The mere silence of the statute with respect to notice and hearing will not justify the removal of an officer whose term or tenure is declared by law, without knowledge of the charges and an opportunity to explain his or her conduct and defend his or her course and character. (*Jacques v. Litle*, supra.) This case differs from *The State v. Mitchell*, 50 Kas. 289, because the statute expressly provides that the "executive council may at any time remove the railroad commissioners, or any of them." No such provision exists concerning the trustees of the charitable institutions.

Upon the hearing of the demurrer, it was argued on the part of counsel for the defendant, and also by the attorney general, that the trustees and other persons connected with the charitable institutions could only be removed by charges presented in writing to the governor, after notice and hearing under the provisions of chapter 239, Laws of 1889, Gen. Stat. of 1889, ¶¶ 5958–5960; and it was suggested that the petition ought to have alleged that its provisions had not been complied with.

It is unnecessary for us to determine in.this case whether a removal can be had upon a hearing before the governor alone, or before the special tribunal created by chapter 239, Laws of 1889, or until malfeasance or misfeasance in office has been established in the courts. The petition does not allege any notice, hearing, or trial. It is not claimed by any of the counsel that there has been any trial before any officer, tribunal, or court. We therefore need not discuss the precise mode of procedure for removal from office. "Sufficient unto the day is the evil thereof." If Mrs. Lease has been arbitrarily or capriciously removed without any cause or warrant of law, as alleged in the petition, she is entitled to be restored to all of her rights. She cannot be ousted excepting for cause, and,

before being ousted, she is entitled to be heard in her own defense.

All the Justices concurring.