JAMES J. MURPHY, APPELLANT, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, RESPONDENT.

Argued March 7, 1918—Decided June 17, 1918.

1. A public officer in the occupation or possession of his office may maintain *certiorari* to remove from his way a proceeding which he apprehends may be used unlawfully to eject him or disturb him in the tenure of his office. *Moore* v. *Borough of Bradley Beach*, 87 *N. J. L.* 391, followed and approved.
2. A county counsel, whose term of office is fixed by law, cannot be removed by a board of chosen freeholders in this state. There is no statute in New Jersey authorizing the board to make such a removal. A power of removal cannot be implied as an incident to the power of appointment. No such power of removal exists where the term of office is fixed by law, unless expressly given by the statute.

On appeal from the Supreme Court, whose opinion is reported in 91 *N. J. L.* 40.

For the appellant, *Gilbert Collins.*

For the respondent, *John J. Fallon.*

The opinion of the court was delivered by

BLACK, J.  The board of chosen freeholders of Hudson county, on the 7th day of January, 1918, by a resolution, dismissed James J. Murphy, the prosecutor, as county counsel. The legality of this resolution is drawn in question by the *certiorari* issued out of the Supreme Court.  The Supreme Court dismissed the writ of *certiorari.*

The prosecutor appeals to this court to review that judgment.  The resolution is in these words:

"*Resolved,* That the services of James J. Murphy as county counsel be dispensed with from and after the passage of this resolution; and he is hereby relieved of further duties; be it further

"*Resolved,* That he be and he is hereby dismissed and deposed as such."

The record reveals these pertinent facts: Mr. Murphy was in the occupation or possession of the office of county counsel, under previous appointments, when, on December 4th, 1916, he was reappointed by the board, as then constituted under the act of *Pamph. L.* 1900, *p.* 168, for the term prescribed by law, which, under paragraph 11, was for a term of two years; he filed a bond as required by law. On January 7th, 1918, at eleven o'clock in the morning of that day he took, subscribed and filed an official oath as county counsel as required by the act of legislature. *Pamph. L.* 1906, *p.* 13, *ch.* 3. He did not file such oath before the commencement of his term of office, December 4th, 1916. The resolution of dismissal was adopted some time after, but on the same day that the official oath was filed; without notice to or an opportunity by Mr. Murphy to be heard, and so far as the record discloses, without cause; six members of the board, who were in office when the prosecutor was appointed had retired, and six others, elected in their stead, participated in the meeting, at which the resolution of dismissal was adopted on January 7th, 1918. There is no statute of this state authorizing a removal of an officer, whose term of office is fixed by law, by the board of chosen freeholders, although by the act (*Pamph. L.* 1885, *p.* 135; *Comp. Stat., p.* 504, ¶ 109) the board has power to remove from office any person who holds office, in subordination to or by appointment from such board, in all cases, where the term of such office is not fixed by a statute of this state. But this statute is subject to the provisions of the Civil Service act (*Comp. Stat., p.* 3795, § 57: *Pamph. L.* 1908, *p.* 235), which was adopted by the county of Hudson on November 7th, 1911. At the outset a preliminary question is raised and argued, viz., whether a writ of *certiorari* is the proper remedy for the prosecutor to pursue. Our answer to this question is, that it is the settled law and practice of the state to issue the writ of *certiorari* to review proceedings of this nature. In an opinion by Mr. Justice Parker, in the well-considered case of *Moore* v. *Borough of Bradley Beach,* 87 *N. J. L.* 391, fol-

lowing and approving *Bradshaw* v. *City Counsel of Camden,* 39 *Id.* 416, it was said that a public officer in possession of his office may maintain *certiorari* to remove from his way a proceeding which he apprehends may be used unlawfully to eject him or disturb him in the tenure of his office.

This brings us to the meritorious question involved in this case which is, Can a county counsel, whose term of office is fixed by law, be removed from office by a board of chosen freeholders in' this state, in the absence of a statute authorizing such removal? Our answer to this question must be no, both on principle and authority. It is a well-established principle in the law of municipal corporations that they have only such powers of government as are expressly granted to them, or such as are necessary to carry into effect those that are granted. No powers can be implied, except such as are essential to the objects and purposes of the corporation as created and established. *Ottawa* v. *Casey,* 108 *U. S.* 110.

A power to remove officers having a fixed term is not incident to the power of appointment. *People* v. *Healy,* 231 *Ill.* 629. A power of removal is an incident to the power of appointment, only to those cases where the office is held at the pleasure of the appointing power. *Collins* v. *Tracy,* 36 *Tex.* 546. No such power of removal exists unless expressly given by the legislature. *Danforth* v. *Kuehn,* 34 *Wis.* 229, 233. Removal of an officer of a municipal corporation appointed for a fixed term can be exercised legally only by virtue of express power. 2 *McQuill. Mun. Corp.* 1213, ¶ 554.

The Supreme Court of Michigan said: "We have not found any case where an officer who was appointed for a fixed term (and when the power of removal was not expressly declared by law to be discretionary), has been held to be removable except for cause, and wherever cause must be assigned for the removal of the officer he is entitled to notice and a chance to defend." *Hallgreen* v. *Campbell,* 82 *Mich.* 255; 9 *L. R. A.* 408.

This principle, as applied to the removal of public officers, has been discussed and recognized in a long line of cases, in our own courts: *Clark* v. *Ennis,* 45 *N. J. L.* 69; *State* v.

*Pritchard,* 36 *Id.* 101, 111; *Haight* v. *Love,* 39 *Id.* 14, 21; *affirmed, Id.* 476.

In other states: *Townsend* v. *Kurtz,* 83 *Md.* 331; *Field* v. *Malster,* 88 *Id.* 691, 697; *Redfield* v. *Chatburn,* 63 *Iowa* 659; *Field* v. *Commonwealth,* 32 *Pa. St.* 479; *Page* v. *Harden,* 47 *Ky.* 648.

*Richards* v. *Clarksburg,* 30 *W. Va.* 491, 501. In that case, however, it was said that the power to remove a corporate officer from his office is one of the common law incidents of all corporations. *Wright* v. *Gamble,* 136 *Ga.* 376; 35 *L. R. A.* (*N. S.*) 866, *note;* 11 *Cyc.* 428; 29 *Id.* 1409; *Mech. Pub. Offi.,* ¶ 454; 2 *Dill. Mun. Corp.* (*5th ed.*) 791, ¶ 473.

Without extending this discussion, it may not be amiss to say that the resolution is particularly vicious, in the present case, because it is based upon the assumed power of the board of chosen freeholders to dismiss a man from office who is apparently in the possession of it for a fixed term, and that without any charges laid against him, without any opportunity afforded to him to be heard, and without any suggestion of the basis upon which the action of the board was rested. As was said by Mr. Justice Van Syckel in the case of *Clark* v. *Ennis,* 45 *N. J. L.* 69, 78: "The necessity for the interposition of some tribunal to declare the default is inherent. * * * In the absence of statutory provision, the only mode in which an office can be deemed and taken to be vacant is by proceedings in the nature of *quo warranto*." *Bumstead* v. *Blair,* 73 *Id.* 378. This renders a discussion of the other points argued unnecessary. The resolution of the 7th day of January, 1918, is set aside as null and void. The judgment of the Supreme Court dismissing the writ of *certiorari* is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.