VINCENT L. GALLAHER, PROSECUTOR, v. COUNTY OF CAMDEN, GEORGE FARRELL, Jr., CHARLES A. BURKETT, GORDON R. GARVEY, EDWARD J. QUINLAN, EMIL J. McCALL, ALBERT H. MOLT, OSCAR MOORE AND BENJAMIN F. FRIEDMAN, RESPONDENTS.

Submitted October 6, 1942—Decided December 30, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the prosecutor, *Bartholomew A. Sheehan*.

For the respondent County of Camden, *Benjamin F. Friedman*.

For the respondents George Farrell, Jr., Charles A. Burkett, Gordon R. Garvey, Edward J. Quinlan and Benjamin F. Friedman, *George D. Rothermel*.

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for review two resolutions adopted by the Board of Chosen Free-holders of the County of Camden on March 4th, 1942. One of the resolutions removed the prosecutor, Vincent L. Gallaher, from the position of county counsel and the other resolution appointed Benjamin F. Friedman, one of the respondents, to the position of county counsel for a term of three years from that date.

It appears that the Board of Chosen Freeholders at its organization meeting on January 1st, 1941, appointed Mr. Gallaher county counsel for a term of one year, that at its organization meeting on January 1st, 1942, it reappointed him for a term of three years. The minutes of the board show these appointments by the adoption of appropriate resolutions.

It is the contention of the prosecutor that under the provisions of *N. J. S. A.* 40:20-26 the terms of all offices to be filled by the board of chosen freeholders shall be for the term of three years and that his appointment on January 1st, 1942, for such a term was pursuant to that statute. He further contends that the board had no power of removal during the term for which he had been appointed except for cause and that *R. S.* 40:21-4 only gave power of removal where the term of office was not fixed by law.

The respondents make the point that the statute, *R. S.* 40:20-26, *supra,* does not apply because the prosecutor was not appointed to an office but to a position or an employment the term of which was not fixed by law and so was subject to removal under *R. S.* 40:21-4, *supra.*

It is our view that the case turns on the question of whether or not the prosecutor held an office. In *Fredericks* v. *Board of Health of West Hoboken,* 82 *N. J. L.* 200; 82 *Atl. Rep.* 528, this court defines an office as follows: "An office is a place in a governmental system created or recognized by the law of the state which, either directly or by delegated authority, assigns to the incumbent thereof the continuous performance of certain permanent public duties." Compare *McGrath* v. *Bayonne,* 85 *N. J. L.* 188; 89 *Atl. Rep.* 48; *Civil Service*

*Commission* v. *Rife,* 128 *N. J. L.* 503; 27 *Atl. Rep.* (2*d*) 214; *Skladzien* v. *Board of Education of Bayonne,* 12 *N. J. Mis. R.* 602; 173 *Atl. Rep.* 600. The County of Camden comes within the classification of counties of the second class. · We conclude that county counsels in all of the counties irrespective of classification are the holders of offices within the authority of the cited cases for reasons to be stated.

An examination of the statute law concerning county counsels discloses no specific provision, as far as we have been able to find, which creates the office of county counsel in any county regardless of its class. There are, however, statutory provisions which clearly recognize county counsels as the holders of an office. In counties of the first class the board of chosen freeholders are authorized to appoint a county counsel, a county physician and a county engineer under *N. J. S. A.* 40:21-59 and, by the next section, 40:21-60, a term of three years is fixed for the "officers" mentioned in the preceding section except that of county engineer. The legislature did not limit its recognition of the fact that county counsels were the holders of an office to counties of the first class. *N. J. S. A.* 30:4-23 describes a county counsel as "the chief legal *officer* or advisor of the Board of Chosen Freeholders of *any county* in this State," &c. This statute being general is applicable to all counties regardless of class, and indeed by its own express terms applies to *any county* in the state. Then again in *N. J. S. A.* 30:4-109, county attorney is described as a *"public official."*

Having found that the county counsels of all counties are the holders of an office and not a position or an employment as is argued by the respondent it remains to be seen whether the appointment of the prosecutor for a term of three years was within the power of the board of freeholders. We conclude that it was. *N. J. S. A.* 40:20-20 to 40:20-35 contain provisions for the reorganization of boards of freeholders where a reduction of the number of the members of boards is made and provide (40:20-25) that the term and pay of freeholders in office at the time of reorganization is terminated even though the term for which they were elected has not expired. But the term of office of *all officers* holding

office under the old board do not terminate but under 40:20-26 continue for the balance of the term for which appointed. That section concludes by providing "Thereafter all *offices* to be filled by the board of chosen freeholders shall be for the term of three years." It will be observed that this provision is not restricted to counties of the first class, it applies to all counties.

The prosecutor was therefore regularly and legally appointed to an office on January 1st, 1942, for a term of three years. The office being recognized by the law of the state as a part of the governmental system for the continuous performance of permanent public duties for a definite term of service comes within the case of *Fredericks* v. *Board of Health of West Hoboken, supra,* and other cited cases. Also see *Murphy* v. *Freeholders of Hudson County,* 92 *N. J. L.* 244; 104 *Atl. Rep.* 304. It was there held that a county counsel whose term was fixed by law could not be removed in the absence of a statute authorizing such removal.

The resolution removing the prosecutor, Mr. Gallaher, from office was adopted without authority. The resolution appointing Mr. Friedman, respondent, was also without authority because there is no statutory provision authorizing the appointment of more than one person to the office of county counsel and there was no vacancy in that office.

Both resolutions are therefore set aside, with costs.