Robert A. Walsh Cloud County Attorney
811 Washington Concordia, Kansas 66901
Dear Mr. Walsh:
As Cloud County Attorney you have posed two questions concerning the members of a convention and tourism committee as set forth in K.S.A. 12-16,101.[1] The first question is whether county commissioners may impose term limits and appoint representatives of Cloud County tourist attractions. The second question is whether county commissioners may remove and replace convention and tourism committee members.
K.S.A. 12-16,101 provides, in part:
 The governing body of any city or county which levies a transient guest tax pursuant to this act may establish a convention and tourism committee to make recommendations concerning the programs and expenditures for *Page 2 
promotion of conventions and tourism. If the governing body decides to appoint a convention and tourism committee, the board of county commissioners or city governing body shall appoint 10 members to such committee, a majority of which shall be representatives of business coming within the terms of this act. . . . The board of county commissioners or city governing body shall provide, by resolution, for the method of appointment and the length of the term of members. The length of term shall not exceed four years.
Attorney General Robert T. Stephan considered the first question you asked and determined that the language of the statute did not establish term limits and the membership of the committee was restricted to those types of businesses defined in K.S.A. 12-1696.[2] Subsequently, K.S.A. 12-16,101 was amended so that the appointment of a convention and tourism committee became optional.[3] In all other respects, the language concerning the membership of such a committee and the maximum length of a term remained the same.[4] Therefore, should the Cloud County commissioners decide to retain a convention and tourism committee, they remain bound by the statutory requirements for the membership of such a committee.
The portion of your first question regarding term limits is slightly different than posed to General Stephan. Where General Stephan considered whether a committee member may be reappointed for successive terms, you inquire whether the county commissioners may limit the number of terms an individual may serve. Although different questions are posed, the answer is the same. As the county commissioners are the appointing authority, they may make the appointments as they see fit. If they choose not to reappoint an individual, they need not do so. Therefore, the commissioners may, in effect, limit the number of terms.
The second question you pose concerns the ability of the commissioners to remove and replace a committee member prior to the expiration of their term. The answer lies in the Kansas Constitution and the Kansas appellate courts' interpretation of that portion of the Constitution. The Kansas Constitution authorizes the legislature to designate the term of office for any offices not otherwise provided for by the Constitution.[5] The Constitution describes two rules for determining the tenure for any office. The first is that the tenure may be declared by law, but for no longer than four years.[6] The second rule is that if no *Page 3 
specific term is provided, "such office shall be held during the pleasure of the authority making appointment. . . ."[7] In TheState, ex rel, v. Mitchell, the Kansas Supreme Court held that the legislature may set the term, but may also include language governing the removal of an appointee.[8] Absent specific language in a statute authorizing removal, the appointee serves the entire term.[9]
In this case, the legislature authorized city and county governing bodies to determine how committee members are appointed and their term of office, not to exceed four years. Applying the reasoning ofMitchell, the governing bodies may, by resolution, establish a term of office but condition the term on removal by the appointing authority prior to the expiration of the term.
Sincerely,
 Steve Six Attorney General
 Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] You cited K.S.A. 12-1695 in your letter. That statute only applies to Sedgwick County and the cities therein.
[2] Attorney General Opinion No. 93-40.
[3] L. 2001, ch. 135 § 2.
[4] K.S.A. 12-16,101 sets a maximum term of four years. We note that the Cloud County Convention and Tourism Committee Bylaws establish a term of three years in Article II, section 2.3.
[5] Kan. Const., Art. 15, § 1.
[6] Kan. Const., Art. 15, § 2.
[7] Id.
[8] 50 Kan. 289, 293, 294 (1893).
[9] Lease v. Freeborn, 52 Kan. 750 (1894).