140 N.J. Super. 410 (1976)
356 A.2d 424
JOHN M. PILLSBURY, ESQ., COUNTY COUNSEL OF THE COUNTY OF MONMOUTH, PLAINTIFF-RESPONDENT,
v.
THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MONMOUTH AND RICHARD T. O'CONNOR, ESQ., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1975.
Decided April 5, 1976.
*411 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Robert I. Ansell argued the cause for appellant (Messrs. Anschelewitz, Barr, Ansell & Bonello, attorneys).
Mr. Robert V. Carton argued the cause for respondent (Messrs. Carton, Nary, Witt & Arvanitis, attorneys; Mr. Robert E. McLeod on the brief).
A statement in lieu of brief was filed by Mr. Richard T. O'Connor.
PER CURIAM.
On October 16, 1973 plaintiff Pillsbury was appointed county counsel by the Monmouth County Board of *412 Chosen Freeholders (board) for a term of three years, in accordance with N.J.S.A. 40A:9-43:
In every county the board of chosen freeholders shall appoint a county counsel and a county engineer. The term of office of the county counsel shall be 3 years and of the county engineer 5 years.
At the time of his appointment the board consisted of four Republicans and one Democrat. Prior to the expiration of plaintiff's term of office the board changed its political complexion to consist of three Democrats and two Republicans. After reorganization a majority of the new Board asserted a "lack of trust and confidence" in Pillsbury. Faced with the mandates of N.J.S.A. 40A:9-43 above, there followed a series of resolutions adopted by the board, the thrust of which was to appoint defendant O'Connor special counsel to perform many of the duties of county counsel, and requesting Pillsbury to resign. As a result he instituted this action seeking a determination by the court of the duties of county counsel, and an order enjoining the board from interfering with his exercise of such duties. That action was consolidated with an action instituted by the board against him seeking to obtain possession of the county legal files. The trial judge concluded, in a reported opinion, Pillsbury v. Monmouth Cty. Freeholders, 133 N.J. Super. 526 (Law Div. 1975), that county counsel cannot be removed from office absent good cause; and, accordingly, Pillsbury had the "power, duty, and responsibility of managing all legal matters for the county." The board now appeals, asking us to conclude that despite the mandates of N.J.S.A. 40A:9-43, it has the right to terminate the services of county counsel without cause.
The board, in a display of Jacksonian elan, seeks the right to remove Pillsbury simply because of partisan differences  Pillsbury is a Republican and the majority of the board are Democrats. As stated by one member of the board:
*413 There is no doubt Mr. Pillsbury did a good job for the previous board, and the new Board, by its resolution [requesting Pillsbury to report to the Board a detailed list of outstanding legal matters] is not casting any aspersions on him.
The record clearly establishes that the board does not have "good cause" for the removal of Pillsbury. N.J.S.A. 40A:9-25. The board's position on appeal, however, is that the relationship between the board of chosen freeholders and county counsel is that of client to attorney. As such, the board asserts, there is a right of personal selection which gives the Board, as client, the right to appoint counsel of its own choosing. Assuming this premise to be correct, the board reaches the conclusion that N.J.S.A. 40A:9-43 is unconstitutional insofar as it fixes a mandatory three-year term for county counsel. To support the assertion of unconstitutionality the board refers to DR 2-110(B) (4) which provides that a lawyer shall withdraw from employment if he is discharged by his client. (Pillsbury has not been legally discharged.) The board urges that N.J.S.A. 40A:9-43 must give way to the disciplinary rule mentioned above, citing Winberry v. Salisbury, 5 N.J. 240 (1950).
We affirm the judgment of the Law Division substantially for the reasons expressed by Judge Horn in his reported opinion.
The post of county counsel is a public office. Gallaher v. Camden Cty., 129 N.J.L. 290 (Sup. Ct. 1942). Except as to those positions created by the Constitution, public officers are creatures of the Legislature. The Legislature alone may determine the duties and the interrelation among the public offices it establishes. Within the constitutional framework the Legislature is the architect of the structure of government. Reilly v. Ozzard, 33 N.J. 529 (1960); 20 C.J.S. Counties § 100 at 891.
The fact that the position of county counsel is a public office is important for two reasons. It supports the constitutionality of the act of the Legislature in fixing the *414 term, and secondly, it establishes that the attorney holding the office is not only involved in the practice of law, but also, because of his status as a public officer, has the duty of carrying on operations of government, DeMarco v. Bergen Cty. Bd. of Chosen Freeholders, 36 N.J. Super. 382, 386 (Law Div. 1955), aff'd 21 N.J. 136 (1955). Contrary to the suppositions of the board, the office of county counsel exists for the protection of all of the citizens of the county and not solely for the benefit of the freeholders elected to govern that county.
Affirmed.