248 N.J. Super. 9 (1991)
589 A.2d 1357
WILLIAM HIERING, JR., AND THE LAW FIRM OF HIERING AND HOFFMAN, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF JACKSON, TOWNSHIP COMMITTEE OF THE TOWNSHIP OF JACKSON, COMMITTEEMAN RICHARD BORYS, COMMITTEEMAN ARTHUR CONWAY, COMMITTEEMAN-ELECT NEIL O'CONNELL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 26, 1991.
Decided April 5, 1991.
Before Judges O'BRIEN, SCALERA and KEEFE.
Stein and Rodgers, attorneys for appellants (Arthur Stein on the brief).
Russo, Foster, Secare and Ford, attorneys for respondents (Edward J. Delanoy, Jr., on the brief).
PER CURIAM.
This appeal stems from an order of the Superior Court upholding the termination of plaintiff William Hiering, Jr., as Jackson Township attorney after the Legislature repealed N.J.S.A. 40:145-13, under which plaintiff was appointed, and replaced it with N.J.S.A. 40A:63-6b(3) which cross-references N.J.S.A. 40A:9-139, providing for one-year appointments only.
On this appeal plaintiffs argue, as they did below, that since the original written appointment was for four years, the statutory repeal could not affect it and the trial judge erred in concluding that his termination was valid.
The trial judge issued a seventeen page opinion in which he dealt in detail with each of plaintiffs' contentions, reviewed the applicable law and concluded that "plaintiffs' services [as township attorney] had been validly terminated." We have reviewed *10 the entire matter and affirm essentially for the reasons given by Judge Eugene D. Serpentelli, A.J.S.C., in that opinion, dated February 9, 1990. 248 N.J. Super. 37, 589 A.2d 1373.
We add only that the decision in Pillsbury v. Board of Freeholders of Monmouth Cty., 140 N.J. Super. 410, 356 A.2d 424 (App.Div. 1976) is deemed to be inapposite and Taylor v. Hoboken Bd. of Education, 187 N.J. Super. 546, 455 A.2d 552 (App.Div. 1983) certif. denied 95 N.J. 228, 470 A.2d 441 (1983) is controlling. To the extent that the Pillsbury rationale may be inconsistent with the result reached in Taylor, we regard the latter to be controlling in the sense that it holds that Supreme Court disciplinary rules generally are applicable even to attorneys holding public office in that capacity. However, we have no need to discuss here which might govern if there is any tension between a Legislative provision and a disciplinary rule.
Affirmed.