

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# Fox v. Jackson

Precedential or Non-Precedential: Non-Precedential

Docket 02-1870

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Fox v. Jackson" (2003). *2003 Decisions.* Paper 612.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/612

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1870

WILLIAM FOX,
Appellant

v.

TOWNSHIP OF JACKSON,
A New Jersey Municipal Corporation;
JOSEPH GRISANTI,
Individually and as Township Committeeman;
MICHAEL BRODERICK,
Individually and as Township Committeeman;
MARVIN KRAKOWER,
Individually and as Township Committeeman

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 01-cv-00202
(Honorable Garrett E. Brown, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 9, 2003

Before: SCIRICA, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed       April 28, 2003       )

SCIRICA, *Circuit Judge*.

Appellant was a township municipal clerk who brought suit after being denied reappointment by the governing board. At trial, a jury rejected his claim that he was terminated because of his political views and rendered a verdict for all defendants.

**I.**

William Fox began working for Jackson Township, New Jersey, in 1985. He served in various positions, including inspector, code enforcement officer, and zoning officer. In November 1997, the Township Committee appointed Fox to the position of municipal clerk. His three-year contract in this position expired on November 30, 2000.

In November 2000, the Township Committee decided not to extend Fox's term as municipal clerk. Fox brought suit against the Township Committee and its individual members alleging violation of federal due process requirements, breach of contract, detrimental reliance, and other state law claims, averring his contract was not extended because of his political beliefs. The Township Committee defendants countered that Fox had failed to adequately perform his responsibilities and that he had started an ongoing extra-marital affair with a subordinate employee.

Fox contends the political make-up of the Township Committee is relevant. As of January 1, 2000, the Township Committee was made up of five members, three

2

Republicans and two Democrats. In March 2000, a special election was held for one of the Republican seats, and it was won by a Democrat. This shifted the political majority of the Township Committee into Democratic control, led by Mayor Joseph Grisanti.

At issue is the Committee's decision not to reappoint Fox. At trial, the jury found in favor of all defendants. On appeal, Fox contends the District Court erred in several of its evidentiary and procedural rulings.

## II.

Fox contends he was denied a fair trial because the District Court improperly excluded certain evidence. Specifically, Fox cites three rulings as erroneous: (1) upholding of a claim of privilege by a newspaper reporter; (2) exclusion of common plan or scheme evidence intended to demonstrate that other Township employees were terminated because of their political allegiances; (3) failure to give a limiting instruction with regard to hearsay testimony concerning Fox's extra-marital affair. We review the District Court's rulings for abuse of discretion. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002).

## A.

Fox's first contention concerns an article in the Ocean County Observer, a local daily newspaper. The passage at issue reads: "Committeeman Joseph Grisanti, a Democrat, said yesterday that Fox became Clerk when William A. Santos, a Republican,

was Township Administrator and the GOP dominated the [Township] Committee. Democrats, he said, had no input into Fox's appointment as Clerk."

At trial, Fox sought to introduce the Observer article as an admission by Grisanti that Fox was terminated because of his affiliation with the Republican Party. Recognizing that the newspaper article itself would be inadmissible hearsay, Fox subpoenaed Lois Kaplan, the reporter who wrote the story. Kaplan and the Observer moved to quash the subpoena and the District Court agreed.

In *Riley v. City of Chester*, 612 F.2d 708, 715 (3d Cir. 1979), we found a federal common law privilege for journalists to refuse to be compelled to testify in a civil matter. The privilege "recognizes society's interest in protecting the integrity of the news gathering process, and in ensuring the free flow of information to the public." *In re Madden*, 151 F.3d 125, 128 (3d Cir. 1998).[1]

We have imposed a heavy burden on parties wishing to overcome this privilege and compel a newsperson to testify in a civil matter. *Riley*, 612 F.2d at 716 (party must demonstrate the materiality, relevance, and necessity of the information sought). The

---

[1] In support, Fox relies, in part, on *Branzburg v. Hayes*, 408 U.S. 665 (1972), and *Herbert v. Lando*, 441 U.S. 153 (1979). In *Branzburg*, the Court held that requiring journalists to testify before state or federal grand juries did not abridge their First Amendment rights. In *Herbert*, a defamation suit, the Court found no First Amendment protection for journalists where a plaintiff bore the burden of proving "actual malice."

But these cases are inapposite. The Court confined its holding in *Branzburg* to a newsperson's decision to conceal the criminal conduct of a news source. And *Herbert* rested on the plaintiff's high burden of proof. Here, Fox has brought a civil complaint and he is not required to prove actual malice.

moving party must demonstrate: (1) he has made an effort to obtain the information from other sources; (2) the only access to the information is through the journalist and his sources; and (3) the information sought is crucial to the claim. *United States v. Criden*, 633 F.2d 346, 358 (3d Cir. 1980).

Fox did not meet that burden here. The information contained in the article was not specific enough to lead the reader to believe the journalist possessed any relevant and unique information from her conversation with Grisanti. The passage at issue was not a quotation from Grisanti nor did it rise to the level of an admission, and there is no evidence the information sought by Fox was crucial to his claim. Indeed, Fox did not demonstrate that Kaplan had personal knowledge about his failure to be reappointed. We see no abuse of discretion.[2]

## B.

Fox alleges the District Court wrongly excluded evidence designed to prove a pattern and practice of politically-motivated employment decisions. Specifically, Fox contended the Democratic-controlled Township Committee terminated other Township employees for political reasons. But the District Court ruled the other employment

---

[2]Significantly, the District Court provided Fox with ample opportunity to question Grisanti about the statement attributed to him in the article. On cross-examination, Grisanti testified about the statement, and Fox's counsel repeated the statement in his closing argument. In short, Fox did not demonstrate the only access to purportedly crucial information was through Kaplan.

5

decisions were "apples and oranges" compared to the Township Committee's decision on Fox.

At issue is the proffered testimony of William Santos, the former Township business administrator, and Dane Wells, a former Township confidential investigator. Fox avers that Santos would have testified that he was terminated from his position because he is the son of Jackson Republican Club Chair Geneva Clayton. According to Fox, Santos would have testified as to negative remarks made by Grisanti to both Santos and Clayton. Wells also would have testified he was removed for political reasons.

Under Fed. R. Ev. 404(b), evidence of other wrongs or acts is not admissible to prove the character of a person. Such evidence may only be admissible if it is used for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See Becker v. Arco*, 207 F.3d 176 (3d Cir. 2000). As we stated in *Becker*, evidence of a pattern and practice of wrongs is admissible only if the evidence reflects a common plan or scheme. *Id.* at 196.

Here, Fox attempted to introduce the testimony of Santos and Wells to demonstrate evidence of other wrongs by Grisanti and the Democratic-controlled Township Committee. The District Court found Fox failed to demonstrate that Santos's and Wells's testimony fit into an overall scheme by the Township Committee defendants. Moreover, the District Court noted that Santos and Wells served in confidential positions to the

Township Committee, unlike the municipal clerk's position, and their appointments were made under a different set of procedures. We see no abuse of discretion.

<h2 style="text-align:center">C.</h2>

Fox contends the District Court wrongly admitted hearsay evidence as to an alleged extra-marital affair he had with his secretary. In support, Fox cites Fed. R. Ev. 602, which provides: "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Fox's claim fails for two reasons. First, Fox's counsel elicited testimony regarding the extra-marital affair during his direct examination of Grisanti. This testimony occurred prior to the defense's presentation of its case. Second, Fox acknowledged at his deposition that he had a sexual relationship with a secretary in the zoning office when he served as the Township zoning officer.

On appeal, Fox also contends the District Court should have given the jury a limiting instruction as to the extra-marital affair. Yet as defense counsel points out, Fox never objected at trial to the absence of a limiting instruction, even when asked directly by the District Court as to whether he objected to the proposed charge.[3] The District

---

[3]In denying plaintiff's counsel's motion in limine to exclude the testimony about the extra-marital affair, the District Court even recommended to counsel that he seek a limiting instruction if he so desired:

(continued...)

7

Court ruled the evidence's "probative value clearly outweighs any prejudice." We see no error.

## III.

Fox claims the Township Committee violated New Jersey's Open Meetings Act by deciding not to reappoint him during a private meeting. He cites the Township Committee's contention that it decided to not reappoint Fox by way of informal polling of the Committee by the Township attorney. Fox claims this informal polling, without notice to the public or to Fox, violated the Act.[4] We exercise plenary review of the District Court's conclusion of law. *Newell v. Ruiz*, 286 F.3d 166, 167 n.2 (3d Cir. 2002).

N.J.S.A. 10:4-9(a) of the Open Public Meetings Act provides: "Except as provided by Subsection B of this section, or for any meeting limited only to consideration

---

[3](...continued)

> If counsel would like to seek a limiting instruction at some point, I will consider it. But it seems to me that the probative value clearly outweighs any prejudice giving [sic] the allegations here and the factors raised by the parties. If you want to try and work on a limiting instruction as to what it's offered for and what it's not offered for, it's obviously not offered to prove that the defendant is a bad person and the like, but it is offered, I assume, as . . . one of the bases for the defendant's decision . . . .

Fox's counsel never requested a limiting instruction.

[4]Fox also asserts the Township Committee violated the Jackson Township Administrative Code's procedures relative to removal of Township employees. *See* Jackson Twp. Admin. Code § 3-17(b)(2). But these provisions pertain only to the removal of Township employees. Here, the Township Committee decided to not reappoint Fox but did not remove him from his term of office. Therefore, the Code's provisions are not relevant here.

8

of items listed in Section 7B no public body shall hold a meeting unless adequate notice thereof has been provided to the public."

At issue is the definition of a "meeting." Under the Open Public Meetings Act, a "meeting" is expressly defined as:

> any gathering whether corporeal or by means of communication equipment, which is attended by, or open to, all of the members of a public body, held with the intent, on the part of the members of the body present, to discuss or act as a unit upon the specific public business of that body.

N.J.S.A. 10:4-8(b).

Fox's claim fails. The informal polling undertaken by the Township attorney did not constitute a meeting as defined by the Act. There was no intent to gather or act as a unit in making a decision on Fox's status. Instead, the informal polling was in direct response to Fox's own request for a status determination so that he could apply for a reduction in alimony.

We find the Township Committee's conduct did not violate the Open Public Meetings Act.

**IV.**

Finally, Fox contends he was entitled to a formal hearing on his reappointment. According to Fox's complaint, the Township Committee's failure to afford him a hearing was a violation of due process protections to which he was entitled under the United States Constitution. The District Court found no due process violation and we review de novo. *Smith v. Mensinger*, 293 F.3d 641, 647 (3d Cir. 2002).

9

In order to establish a right to notice and a hearing, a public employee must demonstrate that he has a property interest in continued public employment. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). To generate a property interest, an employee must "have a legitimate claim of entitlement" to continued public employment. *Id.*

Fox contends he had a legitimate claim of entitlement under federal and New Jersey law to continued employment as municipal clerk. He claims it is well-settled that removal of a municipal clerk requires both notice and a hearing.[5] But Fox was not removed from office; he simply was not reappointed at the expiration of his contractual term. Even assuming he had a property interest in his position, it did not extend beyond the contractual term.

As the District Court found, the Supreme Court's decision in *Roth* is apposite. In *Roth*, an assistant professor's contractual term of appointment did not generate a property interest in continued employment. Moreover, the relevant state law did not create such a property interest. Under both contract and state law, the Court held the professor did not

---

[5]Specifically, the statute provides:

> The removal of a registered Municipal Clerk shall be only upon a written complaint setting forth with specificity the charge or charges against the Clerk. The complaint shall be filed with the Director and a certified copy of the complaint shall be served with the person so charged, with notice of a designated hearing date before the Director or the Director's designee, which shall be not less than 30 days nor more than 60 days from the date of service of the complaint.

N.J.S.A. 40A:9-133.7(b).

have a property interest sufficient to require notice and a hearing when the university declined to renew his contract of employment.

Here, we note a similar combination of contract and state law. Fox initially served under a fixed, three-year term of employment with no express entitlement to continued employment. Moreover, under New Jersey law, Fox would only be entitled to notice and a hearing if he was "removed" from his position as municipal clerk. The Township Committee did not remove him from his position. It chose not to reappoint him. Fox did not have a property interest in continued employment that would have required notice and hearing.

**V.**

For the foregoing reasons, we will affirm the judgment of the District Court.

11

_____

TO THE CLERK:

Please file the foregoing opinion.

_____
Circuit Judge

April 25, 2003

TO:        Marcia M. Waldron, Clerk

FROM:     Judge Scirica

RE:        *William Fox v. Township of Jackson, et al.*
           No. 02-1870
           Submitted:  January 9, 2003


Dear Marcy:

      Please file the attached not precedential opinion which has been cleared in accordance with our procedure.  The signed original is being delivered to your office.

                Sincerely,



                Anthony J. Scirica

AJS:sss

cc (letter only):  Judge Barry
                 Judge Smith