Pearl M. RIEGER, Plaintiff,

v.

TOWNSHIP OF FAIRFIELD, A. Craig Thomas, Viola Thomas, Marvin R. pierce, and Jose Velez, Defendants.

Civil Action No. 01–5676(JEI).

United States District Court,
D. New Jersey.

Dec. 2, 2003.

Martin, Gunn & Martin, P.A., by William J. Martin, Esq., Westmont, NJ, for Plaintiff.

Eric M. Bernstein & Associates, L.L.C., by Phillip G. George, Warren, NJ, for Defendants.

## OPINION

IRENAS, Senior District Judge.

Plaintiff has brought this case in federal court under the jurisdiction granted by 28 U.S.C. § 1331. Jurisdiction for her state law claims is asserted under 28 U.S.C. § 1367. Plaintiff was hired as the municipal clerk of the Township of Fairfield on July 1, 1997, and terminated by a vote of the Township Council on June 20, 2000, before her statutory three year term expired. She alleges that her termination violated her rights under 42 U.S.C. § 1983, certain state law rights pertaining to the position of municipal clerk, a state law

implied contractual right under *Woolley v. Hoffmann–La Roche,* 99 N.J. 284, 491 A.2d 1257 (1985), *modified on other grounds,* 101 N.J. 10, 499 A.2d 515 (1985), and the New Jersey Law Against Discrimination, N.J.S.A.10:5–1 *et seq* ("N.J.L.A.D.").

Presently before the Court are plaintiff and defendants' Cross–Motions for Summary Judgment pursuant to Fed.R.Civ.P. 56(c). For the reasons set forth below, we will grant defendants' motion on plaintiff's 42 U.S.C. § 1983 claims. We will also grant defendants' motion to dismiss state law claims relating to the position of municipal clerk, since resolution of those claims was necessary to resolve whether plaintiff had a property interest in her position as municipal clerk which was protected by the United States Constitution. The court will dismiss without prejudice her remaining claims under the N.J.L.A.D. and based on an implied employment contract, all of which arise under state law. *Tully v. Mott Supermarkets, Inc.,* 540 F.2d 187, 196 (3d Cir.1976); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

### I.

The present case comes to this court as a wrongful termination dispute between the plaintiff, Pearl Rieger ("plaintiff"), and the defendants, Fairfield Township, A. Craig Thomas ("Mayor Thomas"), Viola Thomas, Marvin R. Pierce, and Jose Velez. During the period covered in this action, A. Craig Thomas served as Mayor of Fairfield, Viola Thomas and Marvin R. Pierce served as representatives with Mayor Thomas on Fairfield's 5–member governing committee, and Jose Velez served as township solicitor. These defendants

hired plaintiff as a municipal clerk on July 1, 1997, and terminated her employment on June 20, 2000.

Plaintiff was originally hired as a municipal clerk effective July 1, 1997, to fill the vacancy left by the prior clerk's retirement. On June 17, 1997, by a 4–1 margin, the Fairfield Township Committee approved plaintiff's hiring, and she was appointed to a "6 Month 3 Year" term pursuant to Fairfield Township Resolution # 108–1997 (Pl.'s Br., Ex. B). The parties disagree as to the intended meaning and duration of the "6 Month 3 Year" appointment; we will discuss their interpretations shortly.

Later, on January 1, 1998, plaintiff was nominated, and unanimously approved, for the position of municipal clerk for a three year term (Pl.'s Br., Ex. C). The appointment was officially made by Township of Fairfield Resolution # 01–98 (Pl.'s Br., Ex. D), and was to run from January 1, 1998 to December 31, 2000. Plaintiff has been certified as a municipal clerk since 1991.

On June 13, 2000, Mayor Thomas announced that the issue of municipal clerk would be on the agenda for a meeting to be held on June 20, 2000. At that meeting, Mayor Thomas nominated Beth Taylor, a 36 year old woman, for the position of municipal clerk, and a vote to replace plaintiff with Beth Taylor succeeded by a 3–2 margin (Pl.'s Br., Ex. F). Defendants Viola Thomas and Marvin Pierce joined Mayor Thomas to create the three vote majority. At the time she was terminated, plaintiff was 59 years old.

Plaintiff was ordered to her collect her office belongings shortly after the vote on June 20, 2000, and was escorted from the building by a New Jersey state trooper. Two days later, plaintiff received a letter from Mayor Thomas informing her that her employment had been terminated, and on June 28, 2000, plaintiff received a letter from Beth Taylor including her last paycheck (Pl.'s Br., Ex. H, Ex. I).

In response to her termination, plaintiff instituted this action. Plaintiff seeks summary judgment on her claims under 42 U.S.C. § 1983; and her claim for age discrimination under N.J.S.A. 10:5–12, the New Jersey Law Against Discrimination.[1]

## II.

Under Fed.R.Civ.P. 56(c) a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The nonmoving party may not simply rest on its pleadings to oppose a summary judgment motion but must affirmatively come forward with admissible evidence establishing a genuine issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In deciding a motion for summary judgment, the court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir.1986). The role of the court is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The substantive law governing the dispute will determine which facts are material, and only disputes over those facts "that might affect the outcome of the suit under the governing law will properly preclude

---

**1.** Plaintiff also makes a racial discrimination claim in her complaint, but that issue is not raised in either motion for summary judgment.

the entry of summary judgment." *Id.* at 248, 106 S.Ct. 2505. Where the moving party has carried its initial burden of demonstrating the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue for trial does not exist "unless the party opposing the motion can adduce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v.Fidelity Bank,* 813 F.2d 610, 618 (3d Cir.1987)(Becker, J., concurring).

## III.

■ Plaintiff first alleges a violation of her Fourteenth Amendment due process rights, under 42 U.S.C. § 1983. It is well-settled that, "the requirements of . . . due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). To maintain a due process claim, plaintiff must show a deprivation of a cognizable liberty or property interest, and she offers three possibilities.

### A.

■ "There is generally not a property interest in continued public employment unless a claimant can demonstrate a legitimate claim of entitlement to it." *Dungan v. Slater,* 252 F.3d 670, 676 (3d Cir.2001); *see also Latessa v. New Jersey Racing Commission,* 113 F.3d 1313, 1318 (3d Cir. 1997)("To have a property interest in a job or a job benefit, an employee must have a legitimate claim of entitlement, not just a unilateral expectation."). Further, "property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577, 92 S.Ct. 2701.

■ Therefore, in order to determine the validity of plaintiff's claimed property interest in her job, we look to the relevant New Jersey State law. N.J.S.A.40A:9–133 governs the appointment and duties of a municipal clerk, while N.J.S.A.40A:9–133.7 provides for termination procedures applicable to municipal clerks.[2]

N.J.S.A.40A:9–133.7(b) provides that certain municipal clerks shall "hold office during good behavior and efficiency" not withstanding that they hold office for a term of years, and may be removed from office "only for good cause shown and after a proper hearing." However, N.J.S.A.40A:9–133.7(a) offers this protection only to municipal clerks who have been "reappointed" to that office after "having served as municipal clerk . . . for not less than three consecutive years immediately prior to such reappointment."[3]

---

**2.** Effective on January 6, 1998, both § 133 and § 133.7 were amended by L.1997, c. 279. Plaintiff's appointment on July 1, 1998, and on January 1, 1999, are governed by the earlier version of § 133. The amendments to § 133.7 do not appear relevant to any issue in this case. Fairfield Township Ordinance 2–1.6c., adopted in 1991 also provides procedures for termination of a municipal clerk, but they appear to be copied from N.J.S.A.40A:9–133.7 as it then existed (Pl's Br., Ex. N). Thus, the analysis done in this opinion as to the interpretation of § 133.7 would also apply to the local ordinance.

**3.** The same protection is offered to municipal clerks who "[s]hall have acquired tenure." However, the word "tenure" as used in this statute seems to refer to municipal clerks holding office prior to December 31, 1985, as set forth in N.J.S.A.40A9–134.

The parties disagree as to whether plaintiff was "reappointed" within the meaning of N.J.S.A.40A:9–133.7(a). Plaintiff contends that her original appointment, pursuant to Resolution # 108–97, on July 1, 1997 was for a six-month term.[4] She argues that she was subsequently reappointed to a three-year term by Resolution # 1–98 on January 1, 1998 (Pl.'s Br., Ex. D). Defendants, however, contend that the original "6 month 3 year" term appearing on the face of Resolution # 108–97 referred broadly to a 3–year term and specifically to a 6–month trial period within that term. Defendants argue that the six month term appearing in plaintiff's first appointment was made pursuant to § 133(d), and that after the sixth month period expired plaintiff was not reappointed on January 1,1998, but rather extended, to serve the two and a half year remainder of a three year term.

Both the language of the statutes which existed on July 1, 1997, and January 1, 1998, as well as the resolutions passed by the governing body on June 17, 1997, and January 1, 1998, support the plaintiff's interpretation. We read the "6 month 3 year" term to actually be two terms, the first a six month term as acting municipal clerk,[5] and the second a three year term as municipal clerk.

However, even if we assume, as argued by plaintiff, that she was "reappointed" as municipal clerk on January, 1, 1998,[6] as that term is used in N.J.S.A.40A:9–133.7(a), to obtain the job protection contained in § 133.7(b) the statute requires that a municipal clerk serve "as municipal clerk or perform the duties of municipal clerk for not less than three consecutive years prior to such reappointment." § 133.7(a). Plaintiff was reappointed as municipal clerk on January 1, 1998, after having served in that capacity for only six months. Therefore, such reappointment did not suffice to grant plaintiff tenure,[7] and at that point she did not have a constitutionally protected property interest in her position.

### B.

■ Plaintiff also argues that had defendants allowed her to complete the three year term which Resolution # 01–98 granted her, she would have achieved tenure under N.J.S.A. 40A:9–133.7, and she was therefore deprived of a constitutionally protected property interest.

Plaintiff errs in assuming that completion of her three year term on December 31, 2000, would have resulted in her obtaining tenure. It is not her completion of

4. In 1997 N.J.S.A.40A9–133(d) provided that in the event of a vacancy the "governing body of the municipality may appoint a person to serve as acting municipal clerk for a period of not more than six months."

5. The potential for confusion in N.J.S.A.40A:9–133(d) was eliminated, effective January 6, 1998, when that section of the law was repealed. L.1997, c. 279, § 1.

6. It is arguable that since plaintiff's first appointment was as "acting" municipal clerk, her appointment as municipal clerk for a three year term on January 1, 1998, was not a "reappointment" to that job as intended by N.J.S.A.40A:9–133(a). This argument gains some force because a few days later

N.J.S.A.40A:9–133(c) was amended to provide that "[t]ime served as acting municipal clerk may not be credited as time served as municipal clerk for the purposes of acquiring tenure pursuant to ... [N.J.S.A.40A:9–133.7]." Although not totally free from doubt, the word "tenure" as used in the new § 133(c) probably applies to the general due process concepts contained in § 133(b) rather than to the limited notion of "tenure" contained in N.J.S.A.40A:9–134.

7. The use of the word "tenure" here and subsequently in this Opinion refers to the job protection offered by N.J.S.A.40A:9–133.7(b) and not to the word as it is used in the first sentence of § 133.7(b) or in N.J.S.A.40A:9–134.

the term, but rather her reappointment to a new term on January 1, 2001, which would have given her the protections provided by N.J.S.A40A:9–133.7. She would have then satisfied both the "reappointment" requirement and the three year consecutive service requirement. However, there is no statutory or legal right to a reappointment that will result in the grant of tenure, although there may be a constitutionally protected property interest in such reappointment as a municipal clerk if you already have tenure.

*Fox v. Township of Jackson*, 64 Fed. Appx. 338 (3d Cir.2003)(Non Precedential) is instructive. The plaintiff in *Fox* was appointed to a three year term as municipal clerk. When his term expired he was not reappointed. The court held that he had no due process right to be reappointed. Had plaintiff finished her three year term she would have been in the same position as Fox.[8]

### C.

■ Plaintiff also argues, as the third aspect of her § 1983 due process claim, that she has a property interest at least in the remainder of the three year term granted to her by Resolution # 01–98. The

premise of this argument seems to be that where a New Jersey statute provides for a fixed term, the occupant of the office, even if untenured, cannot be terminated from that office before the expiration of the term except for good cause and with some procedural due process. Plaintiff primarily relies on *Coyle v. Bd. of Chosen Freeholders*, 170 N.J. 260, 787 A.2d 881 (2002) and *Pillsbury v. Monmouth County*, 140 N.J.Super. 410, 356 A.2d 424 (App.Div. 1976).

*Coyle* and *Pillsbury* are distinguishable. Both concerned the position of a county counsel who was appointed to a three year term pursuant to N.J.S.A.40A:9–43. Both cases also construed N.J.S.A.40A:9–25 as permitting termination of a county counsel only for cause.[9] At the time of her termination plaintiff did not have the same kind to protection. N.J.S.A.40A:9–25 also forbids termination of a county counsel for political reasons. In each case the removal was clearly attempted because of a change in the political makeup of the County Board of Freeholders. However, there is no intimation in this case that plaintiff's removal was based on a change in the political winds.[10] Moreover,

---

**8.** The Third Circuit also seems to hold in *Fox* that a municipal clerk has no right to reappointment even if she has obtained tenure. *See id* at p. 343. To support this conclusion (which is dictum since Fox did not have tenure) it quotes a portion of N.J.S.A.40A:9–133.7 which refers to "removal" (as opposed to non-appointment or non-reappointment). This court feels that the Circuit is in error in this conclusion and neglects to consider the language of the statute which says that due process rights attach to tenured employees "notwithstanding that such reappointment was for a fixed term of years." This court also disagrees with any implication in *Fox* that plaintiff would have had due process rights under § 133.7 had he been terminated midterm, since as discussed earlier neither Fox nor plaintiff had met the requirements for job protection under the statute. The primary

beauty of a non-precedential opinion is that the district court does not have to follow it in an unrelated case.

**9.** This seems to be an expansive reading of N.J.S.A.40A:9–25. It would appear that the drafters of the statute were defining termination procedures for officers who had otherwise obtained tenure under other statutes. However, the Supreme Court of New Jersey has spoken.

**10.** The parties seem to concede that plaintiff was terminated in the mistaken belief that if she served beyond July 1, 2000, she would obtain tenure. In fact, had she been permitted to complete her three year term on December 31, 2000, she would not have obtained tenure unless also reappointed to another three year term as municipal clerk.

N.J.S.A.40A:9–25 applies only to County employees.

Neither side has cited a New Jersey case which holds directly or by implication that, where a municipal employee is appointed to an office with a statutorily fixed term of years, but has not acquired tenure rights specifically provided by statute for that position, such employee may not be terminated before the end of the fixed term except upon a showing of good cause and with some procedural due process. The New Jersey Legislature certainly has passed many laws granting tenure. If it wanted to give some type of tenure to persons for no other reason than that they were appointed to offices with statutorily fixed terms, it would certainly know how to do so. The court finds that plaintiff does not have a constitutionally protected property interest in the portion of her term that ran from June 20, 2000, to December 31, 2000.

## IV.

■ Plaintiff's remaining claims are based on state law. To the extent that she asserts (i) a tenure claim to continue as municipal clerk in Fairfield Township, (ii) a right to serve the more than six months remaining on her three year term, or (iii) a right to reappointment at the expiration of her three year term, all claims based on state law, we will dismiss these claims with prejudice since they were necessarily decided in resolving her § 1983 claims in the context of determining whether state law gave her a property interest in her job which might receive Fourteenth Amendment due process protection.

Her remaining state law claims under the N.J.L.A.D. and based on an implied contract (*Woolley v. Hoffmann–La Roche, supra)* will be dismissed without prejudice as there are no federal claims remaining in the case after the grant of summary judg-

ment. *Tully,* 540 F.2d at 196; *Gibbs,* 383 U.S. at 715, 86 S.Ct. 1130.

An appropriate order will be entered on the date herewith.

## ORDER (1) GRANTING IN PART DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT, (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (3)DISMISSING PLAINTIFF'S REMAINING CLAIMS WITHOUT PREJUDICE

This matter having come before the Court on the Cross-Motions of Plaintiff, Pearl M. Rieger, for Summary Judgment, pursuant to Fed. R. Civ. 56, William J. Martin, Esq., Martin, Gunn & Martin, appearing on behalf of Plaintiff, and of Defendants, the Township of Fairfield, A. Craig Thomas, Viola Thomas, Marvin R. Pierce and Jose Velez, Phillip G. George, Esq., Eric M. Bernstein & Associates, L.L.C., appearing on behalf of Defendants; and,

This Court having considered the submissions of the parties;

For the reasons set forth in the Opinion filed concurrently with this Order;

**IT IS**, on this __ day of December, 2003, hereby **ORDERED** that:

1. The Motion of Defendants, the Township of Fairfied, A. Craig Thomas, Viola Thomas, Marvin R. Pierce, and Jose Velez, for Summary Judgment on all Plaintiff's federal claims, is **GRANTED;** and

2. Defendant's motion for summary judgment on Plaintiff's state law claims to (i) a tenure right to continue as municipal clerk of Fairfield Township, (ii) a right to serve the more than six months remaining on her three year term, and (iii) the right to reappointment at the expiration of her three year term is **GRANTED;** and

3. Plaintiff's motion for summary judgment is **DENIED**; and

4. Plaintiff's state law claims based on the N.J.L.A.D. and on an implied contract (*Woolley v. Hoffmann–La Roche*) are **DISMISSED WITHOUT PREJUDICE.**